IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LAWSON,

                      Petitioner,                      OPINION and ORDER

   v.

                                                        22-cv-435-wmc[1]

UNITED STATES OF AMERICA,                     21-cr-14-wmc

                      Respondent.

---

     Kenneth Lawson is a federal prisoner who was charged in an information in this court with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Lawson and the government entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which the court accepted. The court sentenced Lawson to a total of 108 months of incarceration for the two convictions. Now before the court is Lawson's motion to vacate under 28 U.S.C. § 2255, in which he challenges his attorney's failure to object to both charges. This petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases. Because Lawson's claim of ineffective assistance of counsel plainly lacks merit, I will deny this motion and I will not issue a certificate of appealability.

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

ANALYSIS

Section 2255 allows a prisoner in federal custody to move for relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). Ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). To succeed on a claim of ineffective assistance of trial counsel, Lawson must show both that counsel's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy *Strickland* in the context of a guilty plea, Lawson must show that counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To make such a showing, a petitioner must present some objective evidence that he would not have entered a guilty plea; his own testimony that he would have insisted on going to trial is not enough on its own. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).

Lawson has not shown deficient performance with respect to either charge. Lawson faults his attorney for failing to challenge the § 924(c) charge on the ground that a Hobbs Act robbery is not a crime of violence. Lawson argues that a violation of the Hobbs Act can occur without violent conduct, by conspiring or attempting to commit a Hobbs Act robbery. This argument implicates the United States Supreme Court's decisions in *United*

2

*States v. Davis*, 139 S. Ct. 2319 (2019), invalidating the "residual clause" of the provision defining crimes of violence, § 924(c)(3)(B), and *United States v. Taylor*, 142 S. Ct. 2015 (2022), holding that an attempted Hobbs Act robbery conviction did not constitute a crime of violence under the elements clause of § 924(c). Neither decision affords Lawson relief because he pleaded guilty to a completed Hobbs Act robbery, not to a conspiracy or attempt charge. The Seventh Circuit has held that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *See, e.g., United States v. Hammond*, 996 F.3d 374, 397–98 (7th Cir. 2021); *United States v. Morrow*, 5 F.4th 808, 817 (7th Cir. 2021); *United States v. McHaney*, 1 F.4th 489, 491–92 (7th Cir. 2021). I cannot disregard these holdings. *See, e.g., United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("A district court in Wisconsin must follow our decisions . . . ."). So, Lawson's attorney did not perform deficiently in failing to challenge the § 924(c) charge.

Lawson also contends that he could not have committed a Hobbs Act robbery because the victim was a private citizen, meaning his actions did not involve interstate commerce. But to satisfy the interstate commerce element of a Hobbs Act robbery, the government must prove only that interstate or foreign commerce had been affected "in any way or degree." *See* 18 U.S.C. § 1915(a). To show deficient performance, Lawson must show the government could not have met this low burden.

Lawson has not made that showing in his motion, nor could he on the record of his criminal proceeding. The information charged Lawson with taking cash and marijuana using actual and threatened force. During the plea hearing before Judge Conley, the government proffered evidence that Lawson and his co-defendant stole marijuana from the

3

robbery victims, and Lawson agreed that he took marijuana during the robbery. Robbery of a federally-controlled substance like marijuana satisfies the interstate commerce element of a Hobbs Act robbery. *See Taylor v. United States*, 579 U.S. 301, 308 (2016) ("[I]t is enough that a defendant knowingly stole or attempted to steal drugs or drug proceeds, for, as a matter of law, the market for illegal drugs is 'commerce over which the United States has jurisdiction.'"). Therefore, Lawson has no plausible claim that his attorney performed deficiently in failing to object to the Hobbs Act charge. I will deny Lawson's motion to vacate.

## MOTION TO COMPEL

Lawson asks that the court compel his former counsel to turn over his files related to his criminal proceeding. CR, Dkt. 65. Lawson asks for those materials for use in his § 2255 proceeding. Lawson does not explain how these materials would support his claims, and I cannot conceive of how he could use those materials to amend his motion to state a plausible claim for relief. So, I will deny this motion as well.

## CERTIFICATE OF APPEALABILITY

Because Lawson seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Lawson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I denied Lawson's claims on the merits, to obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find [my] assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Lawson has not shown that reasonable jurists would debate whether he is entitled to relief, so I will deny a certificate of appealability. Lawson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Kenneth Lawson's motion to vacate is DENIED.
2. Lawson's motion to compel, Case No. 21-cr-14-wmc, Dkt. 65, is DENIED.
3. No certificate of appealability will issue.
4. The clerk of court is directed to close this case.

Entered February 13, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge